IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.     1:21-cv-02511

MICHAEL G. LUDINGTON,

    Plaintiff,

v.

CREDENCE RESOURCE MANAGEMENT, LLC,

    Defendant.

## COMPLAINT

**NOW COMES** Michael G. Ludington ("Plaintiff"), by and through his undersigned attorneys, complaining as to the conduct of Credence Resource Management, LLC ("Defendant") as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action seeking redress for violations of the Fair Debt Collection Practices Act ("FDCPA") pursuant to 15 U.S.C. §1692 *et seq*.

### JURISDICTION AND VENUE

2. Subject matter jurisdiction is conferred upon this Court by the FDCPA, and 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the District of Colorado and a substantial portion of the events or omissions giving rise to the claim occurred within the District of Colorado.

## PARTIES

4. Plaintiff is a natural person over 18-years-of-age and is a "consumer" as the term is defined by 15 U.S.C §1692a(3), residing in Denver, Colorado, which lies within the District of Colorado.

5. Defendant is a "debt collector" as defined by 15 U.S.C. §1692a(6).

6. Defendant is a debt collection agency with its principal place of business located at 4222 Trinity Mills Rd, Dallas, Texas 75287. Defendant engages in collection activities in the state of Colorado.

7. Defendant is a collection agency with the primary business purpose of collecting or attempting to collect defaulted consumer debts owed or allegedly owed to others. Defendant is engaged in the business of collecting or attempting to collect, directly or indirectly, defaulted debts owed or due or asserted to be owed or due to others using the mail and/or telephone, including consumers in the state of Colorado.

## FACTS SUPPORTING CAUSES OF ACTION

8. Prior to the events giving rise to the instant action, Plaintiff received cellular phone service from AT&T mobile for his personal purposes.

9. Plaintiff cancelled his services with AT&T mobile but was overcharged for one month following the cancellation ("subject debt").

10. Upon information and belief, after Plaintiff's purported default on the subject debt, the subject debt was charged off and placed with Defendant for collection purposes.

11. In approximately August 2021, Defendant began placing collection calls to Plaintiff's cellular phone number (720) XXX-0411, in an attempt to collect on the subject debt.

12. Plaintiff was the sole subscriber, owner, possessor, and operator of the telephone ending in 0411.

13. Defendant used a variety of phone numbers when placing calls to Plaintiff, including but not limited to (720) 835-0462, (720) 639-8058, and (720) 639-8026. Upon information and belief, Defendant used other numbers a well

14. Upon speaking with Defendant, Plaintiff was informed that it was calling attempting to collect upon the subject debt.

15. Plaintiff told Defendant that he did not owe the subject debt as he cancelled his services and the subject debt was the result of AT&T's overcharge. Furthermore, Plaintiff demanded that Defendant's phone calls cease.

16. Plaintiff's demand that Defendant's phone calls cease fell on deaf ears and Defendant continued its phone harassment campaign.

17. Additionally, Plaintiff began receiving collection calls to his work phone number, (303) XXX-2161, from Defendant attempting to collect upon the subject debt.

18. Plaintiff reiterated that he does not owe the subject debt and that Defendant's phone calls need to stop, further informing Defendant that they were calling his work phone number on which he could not speak regarding personal matters.

19. Despite Plaintiff's requests that Defendant cease calling him and cease contacting his work phone, Defendant has continued to call Plaintiff's cellular phone and work phone with the hopes of provoking Plaintiff into making a payment.

20. In total, Defendant placed or caused to be placed numerous harassing phone calls to Plaintiff's telephone from August 2021 through the present day, sometimes with multiple calls taking place in one day.

21. Defendant placed its calls to Plaintiff's telephone using multiple phone numbers with Plaintiff's area code to try and trick him into answering the phone and induce him into making a payment.

## DAMAGES

22. Defendant's harassing phone calls have severely disrupted Plaintiff's daily life and general well-being.

23. Defendant's phone harassment campaign and illegal collection activities have caused Plaintiff actual harm, including but not limited to invasion of privacy, nuisance, intrusion upon and occupation of Plaintiff's telephone capacity, wasting Plaintiff's time, the increased risk of personal injury resulting from the distraction caused by the incessant phone calls, aggravation that accompanies unsolicited telephone calls, emotional distress, mental anguish, anxiety, loss of concentration, diminished value and utility of telephone equipment and telephone subscription services, the loss of battery charge.

24. Concerned about the violations of his rights and invasion of his privacy, Plaintiff was forced to seek the assistance of counsel to file this action to compel Defendant to cease its unlawful conduct.

## COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

25. Plaintiff restates and realleges paragraphs 1 through 24 as though fully set forth herein.

26. Plaintiff is a "consumer" as defined by FDCPA §1692a(3).

27. Defendant is a "debt collector" as defined by §1692a(6) because its primary business is the collection of delinquent debts and it regularly collects debts and uses the mail and/or the telephones to collect delinquent accounts allegedly owed to a third party.

28. The debt in which Defendant attempting to collect upon is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

29. Defendant used the phone to attempt to collect the subject debt and, as such, engaged in "communications" as defined in FDCPA §1692a(2).

30. Defendant's communications to Plaintiff were made in connection with the collection of the subject debt.

31. Defendant violated 15 U.S.C. §§1692c(a)(1), c(a)(3), d, d(5), and f through its unlawful debt collection practices.

   a. **Violations of FDCPA § 1692c**

32. The FDCPA, pursuant to 15 U.S.C. § 1692c(a)(1), prohibits a debt collector from contacting a consumer "at any unusual time or place or a time or place known or which should be known to be inconvenient to the consumer." Further, pursuant to § 1692c(a)(3), debt collectors are precluded from contacting a consumer "at the consumer's place of employment if the debt collector knows or has reason to know that the consumer's employer prohibits the consumer from receiving such communication."

33. Defendant violated §1692c(a)(1) when it continuously called Plaintiff after being notified to stop. This repeated behavior of continuously and systematically calling Plaintiff's phone over and over after he demanded that Defendant cease contacting him was harassing and abusive. Even after being told to stop contacting him, Defendant continued its onslaught of phone calls with the specific goal of oppressing and abusing Plaintiff into making a payment on the subject debt.

34. Defendant further violated §§ 1692c(a)(1) & c(a)(3) when it called Plaintiff at his place of employment after Plaintiff made clear to Defendant that they were calling him on his work phone and that he could not take Defendant's calls on his work number.

35. Defendant was notified by Plaintiff that its calls were not welcomed. As such, Defendant knew that its conduct was inconvenient, unwanted, and distressing to him.

  b. **Violations of FDCPA § 1692d**

36. The FDCPA, pursuant to 15 U.S.C. § 1692d, prohibits debt collectors from engaging in "any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." Pursuant to § 1692d(5), a debt collector is prohibited from "[c]ausing a telephone to ring or engaging any person is telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number."

37. Defendant violated §§ 1692d & d(5) by engaging in abusive, harassing, and oppressive conduct by relentlessly calling Plaintiff's phone seeking payment on the subject debt, including placing repeated and continuous calls after Plaintiff demanded Defendant's phone calls cease. Defendant further acted with harassing and oppressive intent through its repeated placement of phone calls to a phone number which Defendant knew was associated with Plaintiff's of employment.

  c. **Violations of FDCPA § 1692f**

38. The FDCPA, pursuant to 15 U.S.C. § 1692f, prohibits debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt."

39. Defendant violated §1692f when it unfairly and unconscionably attempted to collect on a debt by continuously calling Plaintiff after Plaintiff requested that the calls stop. By placing voluminous phone calls after becoming privy to the fact that its collection calls were not welcome

is unfair and unconscionable behavior. The unfair nature of Defendant's conduct is further evident given its repeated placement of phone calls to Plaintiff's place of employment  These means employed by Defendant only served to worry and harass Plaintiff.

40. As an experienced debt collector, Defendant knew or should have known the ramifications of collecting on a debt through incessant harassing phone calls to the phones of consumers.

41. Upon information and belief, Defendant systematically attempts to collect debts through harassing conduct and has no procedures in place to assure compliance with the FDCPA.

42. As stated above, Plaintiff was harmed by Defendant's conduct.

**WHEREFORE**, Plaintiff Michael G. Ludington respectfully requests that this Honorable Court:
a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;
b. Enjoin Defendant from further communicating with Plaintiff;
c. Award Plaintiff statutory and actual damages, in an amount to be determined at trial, for the underlying FDCPA violations;
d. Award Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k; and
e. Award any other relief as the Honorable Court deems just and proper.

**Plaintiff demands trial by jury.**

Dated: September 15, 2021                                        Respectfully submitted,

s/ Nathan C. Volheim                                             s/Eric D. Coleman
***Nathan C. Volheim***                                          ***Eric D. Coleman***
Sulaiman Law Group, Ltd.                                         Sulaiman Law Group, Ltd.
2500 South Highland Ave., Suite 200                              2500 South Highland Ave., Suite 200
Lombard, Illinois 60148                                          Lombard, Illinois 60148
(630) 568-3056 (phone)                                           (630) 575-8181 x. 105 (phone)
nvolheim@sulaimanlaw.com                                         ecoleman@sulaimanlaw.com
Attorney for Plaintiff                                           Attorney for Plaintiffs